```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

FILED BY _____ D.C.

05 SEP 29 AM 9: 38

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

DONALD CROCKETT,

    Plaintiff,

vs.        No. 04-3061-B/V

WARDEN HOLLAND,

    Defendant.

---

ORDER DENYING MOTION FOR CHANGE OF JURISDICTION
AND
ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 2241(d)

---

On December 3, 2004, Donald Crockett, prisoner number 115828, an inmate at the Deberry Special Needs Facility (DSNF), in Nashville, Tennessee, filed a habeas petition under 28 U.S.C. § 2254, along with motions to proceed *in forma pauperis*, for appointment of counsel, for appointment of an expert witness, and for a change of jurisdiction. Because the case is being transferred, the filing fee issue and motion for appointment of an expert witness may be addressed by the transferee court.

Twenty-eight U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 9-30-05



the application to the other district court for hearing and determination.

Crockett challenges a criminal conviction from Davidson County, Tennessee and he is confined at DSNF in Davidson County. His petition must, therefore, be filed in the Middle District of Tennessee. Davidson County is in the Nashville Division of the Middle District of Tennessee. 28 U.S.C. § 123(b)(1).

Crockett requests that the Western District of Tennessee exercise jurisdiction over his petition based upon past rulings by the United States District Court for the Middle District of Tennessee. He contends that his petition will not receive fair and impartial review in the Middle District. The records of Crockett's conviction, however, are not readily accessible to this Court and it is the practice of the federal district courts in Tennessee that all § 2254 petitions are to be heard in the district in which the conviction was obtained. Furthermore, to the extent plaintiff's allegations are of any merit or substance, he may file the appropriate affidavits or motions for disqualification or recusal in the Middle District. Thus, the motion for change of jurisdiction is DENIED.

Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 1406(a) that this case is TRANSFERRED, forthwith, to the Nashville Division of the Middle District of Tennessee.

IT IS SO ORDERED this 28th day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 2:04-CV-03061 was distributed by fax, mail, or direct printing on September 30, 2005 to the parties listed.

---

Donald Crockett
115828
7575 Cockrill Bend Blvd
Nashville, TN 37209--105

Honorable J. Breen
US DISTRICT COURT